**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DANNY AMEN VALENTINE SHABAZZ,

          Plaintiff,

        v.

CHRIS BRUCE, CERRON CADE, NICK
SABEAN, and JEFF FLYNN,

          Defendants.

Civil Action No. 23-16641 (JXN)(JBC)

**MEMORANDUM OPINION**

**NEALS**, District Judge

Before the Court are Plaintiff Danny Amen Shabazz's ("Plaintiff") series of filings in this closed matter, including motion to reopen the case following the Court's September 26, 2023, Memorandum Opinion and Order denying Plaintiff's application to proceed *in forma pauperis* and dismissing Plaintiff's case without prejudice (*see* ECF No. 17). (ECF Nos. 25, 62–75.) The Court has carefully considered Plaintiff's submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion to reopen the case is **DENIED**, and Plaintiff's Complaint is **DISMISSED** *with prejudice*.

On September 26, 2023, the Court issued a Memorandum Opinion and Order denying Plaintiff's application to proceed IFP as incomplete and dismissing this action without prejudice as duplicative of the complaint Plaintiff filed in Civil Action No. 2:23-cv-05286, which was also dismissed for failure to state a claim. (ECF No. 17.) Following several additional submissions by Plaintiff that were "of a personal nature, not relevant to the matter or hav[ing] [any] bearing on the Court's [September 26, 2023] Opinion and Order," the Court ordered that this matter remain

administratively closed and cautioned Plaintiff against similar filings in the future. (ECF Nos. 20–21.)

More than two years later, on February 18, 2026, Plaintiff filed a motion to reopen the case (ECF No. 25) but failed to submit an amended IFP application or an amended complaint as directed by the Court's September 26, 2023 Memorandum Opinion and Order. (*See* ECF No. 17 at 5.) Plaintiff thereafter filed numerous further submissions, including a "Request for Hearing on Judicial Impartiality and Potential Conflict of Interest" (ECF No. 28); motions seeking emergency injunctive relief (ECF Nos. 37, 38); and a motion seeking recusal and transfer of venue to the United States District Court for the Northern District of Georgia (ECF No. 43). On February 25, 2026, and March 17, 2026, respectively, Magistrate Judge James B. Clark denied these motions because this matter remained closed due to Plaintiff's failure to comply with the Court's September 26, 2023 Memorandum Opinion and Order. (*See* ECF Nos. 32, 58.)

Despite Plaintiff's numerous filings and the passage of more than two years, Plaintiff has neither filed an amended IFP application nor an amended complaint. His subsequent submissions neither cure the deficiencies identified in the Court's September 26, 2023 Memorandum Opinion and Order nor otherwise provide a basis to reopen this action.

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (affirming the lower court's dismissal of an IFP *pro se* prisoner litigant's case for failure to prosecute, which included failing to comply with court orders and choosing not to remedy the situation despite being afforded "a plethora of chances") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "[i]f the plaintiff fails to prosecute or to

2

comply with these rules or a court order," which may operate "as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630 (holding Rule 41(b) allows courts to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). The Court has authority to dismiss a Plaintiff's action with prejudice for failure to comply with Rule 41(b) so that district courts may "avoid congestion" in their calendars and "prevent undue delays in the disposition of pending cases." *Link*, 370 U.S. at 629 (affirming the district court's *sua sponte* dismissal with prejudice for failure to prosecute).

In determining the appropriateness of dismissal as a sanction, courts look to the following factors: (1) the extent of the party's personal responsibility; (2) potential prejudice to the adversary caused by the dilatoriness; (3) the history of dilatoriness; (4) willful or bad faith conduct; (5) whether there are alternative sanctions; and (6) the meritoriousness of a plaintiff's claims or defenses. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Dismissal may be appropriate even if some factors are not met, and there is not one dispositive factor. *See Washington v. Grace*, 533 F. App'x 68, 72 (3d Cir. Aug. 9, 2013) (affirming the lower court's dismissal with prejudice of a *pro se* litigant's case) (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)).

Analysis of the *Poulis* factors is unnecessary to warrant dismissal when a Plaintiff "refuses to proceed with his case or otherwise makes adjudication of his case impossible." *See Abulhkair v. New Century Financial Services, Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (affirming the district court's order dismissing a *pro se* plaintiff's case without conducting a *Poulis* analysis after the plaintiff "impeded his case from moving forward"). *See also Iseley*, 216 F. App'x at 255 ("When a litigant's conduct makes adjudication of the case impossible [...] such balancing under *Poulis* is unnecessary."). Nonetheless, for the sake of completeness, this Court considers the six *Poulis*

factors to determine whether *sua sponte* dismissal of Plaintiff's claims is appropriate. *See In re Asbestos Products Liability Litigation (No. VI)*, 718 F.3d 236, 247 (3d Cir. 2013) ("[W]e will not hesitate to remand a case to the district court when the judge dismisses a case *sua sponte* without an indication that *Poulis* was considered.")

Upon consideration of the *Poulis* factors, the Court finds that dismissal with prejudice is warranted. First, because Plaintiff proceeds *pro se*, he bears personal responsibility for his failure to comply with the Court's September 26, 2023 Memorandum Opinion and Order. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Second, although the prejudice-to-an-adversary factor does not weigh significantly in favor of dismissal at this procedural stage, Plaintiff's continued failure to submit the filings necessary to prosecute this action prevents the matter from proceeding. Third, Plaintiff's failure for more than two years to cure the deficiencies identified by the Court demonstrates a history of dilatoriness. Fourth, Plaintiff's conduct is willful insofar as his numerous subsequent filings demonstrate his ability to participate actively in this litigation, yet his repeated failure to submit the amended IFP application and amended complaint necessary to proceed. Fifth, lesser sanctions would be ineffective. The Court previously dismissed this action without prejudice, administratively closed the matter, and cautioned Plaintiff concerning further irrelevant filings, yet Plaintiff has continued to file submissions without curing the deficiencies identified by the Court. Moreover, absent an amended complaint, there is no operative pleading upon which this action may proceed. Finally, as to the meritoriousness of Plaintiff's claims, the Court cannot meaningfully assess this factor because Plaintiff has never filed the amended complaint contemplated by the September 26, 2023 Memorandum Opinion and Order. On balance, the *Poulis* factors weigh in favor of dismissal with prejudice, particularly in light of Plaintiff's personal responsibility, prolonged noncompliance, willful failure to cure the identified deficiencies

4

despite his continued active participation in the litigation, and the ineffectiveness of lesser sanctions.

Accordingly, for the foregoing reasons, Plaintiff's motion to reopen the case (ECF No. 25) is **DENIED**, and this action is **DISMISSED** *with prejudice* pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's September 26, 2023 Memorandum Opinion and Order. An appropriate Order accompanies this Opinion.

**DATED**: July 27, 2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**